UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-14008-RAR

**DARVENEL SWABY SANON**,

    Plaintiff,

v.

**SAINT LUCIE COUNTY JAIL**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Darvenel Swaby Sanon's *pro se* Complaint under the Civil Rights Act, 42 U.S.C. § 1983, [ECF No. 1]. Plaintiff, a pretrial detainee housed at Saint Lucie County Jail in Fort Pierce, Florida, alleges that five Defendants—Saint Lucie County Jail and four employed officers—"violated [his] rights to due process" by charging subsistence fees to his inmate account. Compl. at 3. Before Defendants determined Plaintiff's "financial status," they purportedly withdrew funds and failed to provide Plaintiff notice that he "could grieve or oppose [an] assessment" and earn a refund. *Id.* Now, Plaintiff's inmate account reflects a "negative balance[.]" *Id.* As relief, Plaintiff requests a total refund of $685.00, punitive damages in the amount of $5,000.00, and removal of the lien from his account. *See id.* Plaintiff has neither paid the Clerk's filing fee nor filed a motion to proceed *in forma pauperis* ("IFP"). *See generally* Docket. After careful review, the Court finds that Plaintiff fails to state a claim upon which relief can be granted, and amendment of the Complaint would be futile. Accordingly, this case is **DISMISSED**.

## LEGAL STANDARD

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any

time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all [*in forma pauperis*] litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). Further, *pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled to an opportunity to amend).

Despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Failure to adhere to procedural rules or court orders provides grounds for

dismissal. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

## ANALYSIS

Plaintiff's property deprivation claims fall squarely under the Fourteenth Amendment's Due Process Clause. *See Fell v. Weeks*, No. 22-CV-17824, 2023 WL 11938812, at *3 (N.D. Fla. Feb. 23, 2023) ("The Fourteenth Amendment protects against deprivations of 'life, liberty, or property without due process of law.'" (quoting U.S. CONST. AMEND. XIV)); *Johnson v. Houston Cnty.*, 758 F. App'x 911, 916 (11th Cir. 2018) (stating the Eleventh Circuit "analyze[s] the conditions under which a pretrial detainee is held under the Due Process Clause of the Fourteenth Amendment"). The Court separates Plaintiff's procedural due process claims into two parts: *First*, Plaintiff alleges that Defendants unlawfully deducted a total of $655.00 from his account between 2015 and 2018. *See* Compl. at 5. *Second*, Plaintiff further alleges that Defendants unconstitutionally withdrew $30.00 on December 28, 2024. *See id.*

As for the *first* set of Plaintiff's claims, his challenges to various withdrawals that occurred between 2015 and 2018 are barred by the statute of limitations. A district court is authorized to screen and dismiss a prisoner's § 1983 complaint *sua sponte* if it is apparent that the claim(s) therein would be barred by the applicable statute of limitations. *See Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008). The statute of limitations governing a federal § 1983 complaint is determined by state law. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In Florida, "a plaintiff must commence a § 1983 claim . . . within **four years** of the allegedly unconstitutional or otherwise illegal act." *Id.* (emphasis added; citing *Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir. 1988)); *see also Allen*, 279 F. App'x at 848. Although the limitations period is dictated by state law, "the time at which a § 1983 claim

accrues is a question of *federal* law[.]" *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (cleaned up; emphasis added). Federal law instructs that accrual first occurs when the "facts supporting the [claim] are or should be reasonably apparent to the plaintiff." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003); *see also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (explaining that a § 1983 claim begins to accrue when the plaintiff "know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury" (cleaned up)).

Plaintiff thoroughly lists a series of withdrawals that occurred between July 2015 and March 2018. *See* Compl. at 5. Even if the statute of limitations accrued on the date of the most recent transaction on that list, which was March 26, 2018, Plaintiff's alleged deprivation occurred *over six years* before Plaintiff filed the instant Complaint on December 29, 2024. *See id.* at 6. Consequently, the four-year statute of limitations to challenge those transactions has long since passed. Because Plaintiff has not identified "why the statute of limitations might be tolled," Plaintiff's claims pertaining to withdrawals that occurred between 2015 and 2018 are **DISMISSED** *with prejudice*. *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020).

As for the *second* set of Plaintiff's claims, he challenges a $30 withdrawal that occurred on December 28, 2024. *See* Compl. at 5. Here, Plaintiff fails to state a procedural due process violation. A plaintiff alleging a violation of procedural due process must establish three elements: "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff "has a property interest in most [of the] money in his inmate account," *Watkins v. Israel*, 661 F. App'x 608, 609 (11th Cir. 2016), though this property right is a "limited" one, *id.* (citing *Givens v. Ala. Dep't of Corr.*, 381 F.3d 1064, 1069 (11th Cir. 2004) ("[The prisoner] has at most a limited

property right in the principal . . . . [He] is not free to receive the amounts deposited in cash, make withdrawals whenever he wants, or spend money without the Department's approval.")).

Therefore, due process guarantees Plaintiff "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To assess whether a hearing is necessary, a court will utilize a three-part balancing test (the "*Mathews* factors"): *One*, the court considers "the private interest . . . affected by the official action." *Id.* at 335. *Two*, the court analyzes "the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards." *Id.* And *three*, the court weighs "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

Turning to the Complaint, Plaintiff complains that his $30 deposit was entirely withdrawn, although his facility's "rulebook states that [only] half [would] be taken." Compl. at 5 (cleaned up). Applying the first *Mathews* factor, Plaintiff's property interest in the amount of $30 is not substantial. *See Watkins*, 661 F. App'x at 610 (characterizing an inmate's property interest in $64.45 as a "small deduction[] . . . to cover the reasonable cost of housing him" and which "constitute[d] only a minor incursion on his property rights" (cleaned up)). Plaintiff insists that Defendants' withdrawals are unlawful particularly because they incurred a negative balance in his account, but "[t]he imposition of a small fee or lien against an inmate bank account is not unconstitutional." *Henry v. Fla. Dep't of Corr.*, No. 17-CV-41, 2017 WL 1078443, at *2 (N.D. Fla. Mar. 10, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1075078 (N.D. Fla. Mar. 21, 2017).

Moving on to the second *Mathews* factor, "[t]he risk of erroneous deprivation is low when the challenged state action follows official standards and procedures." *Watkins*, 661 F. App'x at 610. Plaintiff alleges that Defendants failed to comply with Florida law, which requires prison officials to "determine the financial status of prisoners" before imposing assessments and fees. Fla. Stat. §

951.033(2); *see* Compl. at 5.  However, the Eleventh Circuit has already held that a jail's policy of withdrawing subsistence fees is but "a ministerial matter which poses little risk of erroneous deprivation."  *Id.*  (citing *Reams v. Irvin*, 561 F.3d 1258, 1264 (11th Cir. 2009)).  Furthermore, state law violations are not cognizable under § 1983.[1]  *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002).

Lastly, the third *Mathews* factor also weighs in favor of the county.  Although Plaintiff claims he was not provided sufficient notice that he could "oppose [the] assessment[s]," Compl. at 3, "the significant government interest in sharing incarceration costs with inmates would be undermined by requiring pre-deprivation hearings," *Watkins*, 661 F. App'x at 610 (citing *United States v. Wattleton*, 296 F.3d 1184, 1200 (11th Cir. 2002)).  In any event, "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under [§] 1983 arise." *Ditaranto v. City of Debary*, No. 10-CV-403, 2010 WL 1924448, at *2 (M.D. Fla. May 12, 2010) (cleaned up; quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)).  On this point, Plaintiff's factual allegations are insufficient.  He simply argues that he "could not get [a] refund" due to Defendants' "failure to post notice" of his right to grieve.  Compl. at 4.  But Plaintiff provides *no* facts describing how Defendants *refused* Plaintiff access to a remedial process.  If Plaintiff failed to timely file an administrative grievance but for his lack of awareness, "a prisoner's mere ignorance of grievance procedures will not make exhaustion unavailable, so long as the inmate had a fair and reasonable opportunity to learn about those procedures."  *Terrell v. Davis*, No. 5:17-CV-441(MTT), 2018 WL 4502329, at *2 (M.D. Ga. Sept. 20, 2018) (citing *Davis v. Hernandez*, 798 F.3d 290, 295

---

[1] As an aside, Florida law *does* allow withdrawals from inmate accounts that do "not contain sufficient funds to cover subsistence costs."  Fla. Stat. § 951.033(6) ("If the prisoner's cash account at the local detention facility does not contain sufficient funds to cover subsistence costs, the chief correctional officer may place a civil restitution lien against the prisoner's cash account or other personal property.").

(5th Cir. 2015)).  Without more, the Court cannot discern whether a post-deprivation remedy was meaningfully unavailable at Plaintiff's facility.

Even if Plaintiff were to successfully develop facts under the third *Mathews* factor, the Court nevertheless finds the other two *Mathews* factors strongly weigh in favor of the county.  As the Court has explained, Plaintiff's property interest of $30 is insubstantial, and a jail's procedure for withdrawing subsistence fees is purely ministerial.  *See Watkins*, 661 F. App'x at 610.  Plaintiff thus fails to state a procedural due process violation; accordingly, this claim is **DISMISSED without prejudice**.

"While leave to amend ordinarily should be freely given, a district court need not grant even a *pro se* plaintiff leave to amend where amendment would be futile."  *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 946 (11th Cir. 2017) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  Here, a majority of Plaintiff's procedural due process claims are barred by the statute of limitations; thus, as to these claims, no leave to amend shall be given.  *See In re Engle Cases*, 45 F. Supp. 3d 1351, 1355 (M.D. Fla. 2014) ("If a claim is barred by the applicable statute of limitations . . . amendment is 'futile,' and leave to amend ought [to] be denied." (citations omitted)). The Court finds that amendment of Plaintiff's remaining claim is likewise futile.  The facts relied upon by Plaintiff "preclude the possibility of relief" under the *Mathews* factors as a matter of law. *Driessen v. Barclays Bank, PLC*, No. 21-13437, 2022 WL 3042940, at *2 (11th Cir. Aug. 2, 2022) ("We have found granting leave to amend futile where facts pled in the complaint itself preclude the possibility of relief." (citing *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (recognizing that leave to amend is futile where "the underlying facts or circumstances relied upon by a plaintiff may [not] be a proper subject of relief"))).  Therefore, Plaintiff may not amend the Complaint.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. As for Plaintiff's procedural due process claims relating to his inmate account withdrawals between July 2015 and March 2018, [ECF No. 1], these claims are **DISMISSED with prejudice** as barred by the statute of limitations.

2. As for Plaintiff's procedural due process claim relating to his inmate account withdrawal on December 28, 2024, [ECF No. 1], this claim is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

3. All pending motions are **DENIED as moot**, and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2025.

_____
**RODOLFO A. RUIZ II**
UNITED STATES DISTRICT JUDGE

cc:  Darvenel Swaby Sanon
     42632
     Saint Lucie County Jail
     900 North Rock Road
     Fort Pierce, Fl 34952
     PRO SE